UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH, #267009,

    Plaintiff,[1]

v.

CASE NO. 2:20-CV-12052
HON. GEORGE CARAM STEEH

PATRICIA PENMAN, et al.,

    Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.**

Michigan prisoner Derrick Lee Smith ("Smith"), currently confined at the Muskegon Correctional Facility in Muskegon, Michigan, has filed a pro se civil rights complaint and amended complaint pursuant to 42 U.S.C. § 1983. In his pleadings, he alleges that: (1) two law enforcement officers harassed and defamed him, falsely accused him of rape, and convinced officials to alter his 2008 state criminal judgment of sentence and prison

---

[1] The Court notes that Smith lists a woman named Megan Taylor as a co-plaintiff. Taylor, however, did not sign the complaint and the Court has no contact information for her. Consequently, the Court shall not consider her a party to this action.

record to reflect criminal sexual conduct convictions,[2] and (2) two prison mail clerks interfered with his mail, electronic messages, and photos. He names Wayne County Deputy Patricia Penman, Detroit Police Officer Aleta McNeal, JPay, and Muskegon Correctional Facility employees G. Scanlon and K. Brown as the defendants in this action. He seeks injunctive relief and monetary damages. Smith paid the filing and administrative fees for this action.

For the reasons set forth herein, the Court dismisses the civil rights complaint and concludes that an appeal cannot be taken in good faith.

## II.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to dismiss a prisoner complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

---

[2] Smith was convicted of six counts of first-degree criminal sexual conduct and two counts of kidnapping pursuant to a no contest plea in the Wayne County Circuit Court and was sentenced, as a fourth habitual offender, to concurrent terms of 22 ½ years to 75 years imprisonment on those convictions in 2008. See Smith v. Bauman, No. 5:10-CV-11052, 2016 WL 898541 (E.D. Mich. March 9, 2016) (denying habeas relief), cert. app. den., No. 16-1545, 2017 WL 5135543 (6th Cir. Jan. 31, 2017); see also Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=267009.

See 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions.  Twombly, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting Twombly, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id.

(quoting Twombly, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009).

### III.

Because Smith's complaint involves multiple claims and multiple defendants, the issue of misjoinder arises. Federal Rule of Civil Procedure 21 authorizes a federal court to sua sponte dismiss or sever parties and claims in a civil action due to misjoinder. Rule 21 provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. See also Michaels Bldg. Co. v. Ameritrust Co., N.A., 848 F.2d 674, 682 (6th Cir. 1988) ("Parties may be dropped ... by order of the court ... of its own initiative at any stage of the action and on such terms as are just."); Coalition to Defend Affirmative Action v. Regents of Univ. of Mich., 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008).

The joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966). This does not mean, however, that parties should be given free reign to join multiple plaintiffs or multiple defendants into a single lawsuit when the claims are unrelated. See, e.g., Pruden v. SCI Camp Hill, 252 F. App'x 436, 437 (3d Cir. 2007) (per curiam); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1248, 1350 (9th Cir. 1997); Proctor v. Applegate, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) (adopting magistrate judge's report). Prisoners should also not be allowed to proceed with multiple defendant litigation on unrelated claims in order to circumvent the filing fee requirements for federal civil actions or the PLRA's three strikes provision. George, 507 F.3d at 607; Patton v. Jefferson Corr. Ctr., 136 F.3d 458, 464 (5th Cir. 1998).

Federal Rule of Civil Procedure 18 governs the joinder of claims and Federal Rule of Civil Procedure 20 governs the permissive joinder of parties.[3] Rule 18(a) provides: "A party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an

---

[3]Federal Rule of Civil Procedure 19 concerns the required joinder of parties and is inapplicable to the case at hand. Fed. R. Civ. P. 19.

opposing party." Fed. R. Civ. P. 18(a). Rule 20(a)(2) addresses when multiple defendants may be joined in one action. It provides:

> Persons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). When multiple parties are named, the analysis under Rule 20 precedes that under Rule 18. Proctor, 661 F. Supp. 2d at 778. Thus, when joining multiple defendants in a single action, the two-part test of Rule 20(a)(2) must be met.

In this case, Smith does not meet the two-part test of Rule 20(a)(2) for the joinder of multiple defendants. His claims against Penman and McNeal, which concern his state criminal case, do not arise out of the same transaction, occurrence, or series of transactions or occurrences as his claims against JPay, Scanlon, and Brown, which concern the handling of his prison mail. The two sets of claims concern different facts, different legal standards, different defendants, and different venues. Given such circumstances, the Court finds that joinder of the multiple claims and multiple defendants in one civil rights action is inappropriate.

The remaining question is whether severance or dismissal of the

mis-joined parties and claims is warranted.[4]  As discussed, Federal Rule of Civil Procedure 21 gives the Court discretion to invoke either remedy "on just terms."  Several federal courts have interpreted "on just terms" to mean "without gratuitous harm to the parties."  See Harris v. Gerth, No. 08-CV-12374, 2008 WL 5424134, *5 (E.D. Mich. Dec. 30, 2008) (citing cases).  Given that no harm to the parties is apparent from the record, and given that the mail handling claims against JPay, Scanlon, and Brown concern events that occurred at the Muskegon Correctional Facility in the Western District of Michigan, the Court finds that dismissal, rather than severance, of those claims and those defendants is the more appropriate course of action.  Accordingly, the Court shall dismiss those claims and those defendants based upon misjoinder.

## IV.

The remaining allegations in the complaint against Penman and McNeal are also subject to dismissal.  First, those allegations concern the validity of Smith's state criminal proceedings and resulting judgment.  As such, they are not properly raised in a civil rights action.  A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition

---

[4]Dismissal of the entire action for misjoinder is not permitted.  Fed. R. Civ. P. 21.

of imprisonment, Preiser v. Rodriguez, 411 U.S. 475, 499 (1973), not the validity of continued confinement. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his or her imprisonment if a ruling on the claim would necessarily render his or her continuing confinement invalid, until and unless the reason for that confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254).  This holds true regardless of the relief sought by the plaintiff. Id. at 487-89.

Heck and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).  The underlying basis for the holding in Heck is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." Heck, 512 U.S. at 486.

Smith's allegations that Penman and McNeal have acted improperly or interfered with his state criminal case and altered the 2008 judgment concern Smith's state criminal proceedings. If he were to prevail on those claims, his state criminal convictions and confinement would be called into question. Consequently, those claims are barred by Heck and must be dismissed.

Moreover, even if Heck does not bar the claims, the Court would nonetheless dismiss them. A complaint lacks an arguable basis in fact when the factual contentions are "clearly baseless" in that they describe "fantastic" or "delusional" scenarios. Neitzke, 490 U.S. at 327-28; see also Denton, 504 U.S. at 32-33 (a complaint is factually frivolous if "the facts alleged rise to the level of irrational or wholly incredible"); Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir. 1990).

Smith's allegations that Penman and McNeal falsely accused him of rape, arranged or conspired with the state court to falsify his state criminal sentencing judgment and other records, and similar allegations, fall into such a category. See, e.g., Taylor v. Rockford Police Dept., 165 F.3d 33, 1998 WL 783957, *1 (7th Cir. 1998) (unpublished) (affirming dismissal of complaint as frivolous where plaintiff alleged that police attempted to kill

him, there was a multi-agency conspiracy to cover up the assaults, the attorney general's office faked a trial, and he was issued a fraudulent marriage license); Kabbe v. City of San Diego, 139 F.3d 905, 1998 WL 80375, *1 (9th Cir. 1998) (unpublished) (affirming dismissal of complaint where plaintiff alleged defendants intercepted and broadcasted her thoughts); Williams v. Hart, 930 F.2d 36, 1991 WL 47118, *2 (10th Cir. 1991) (unpublished) (prisoner's claim of intentional exposure to AIDS through razor switching was delusional and frivolous); Sandles v. Randa, 945 F. Supp. 169, 171 (E.D. Wis. 1996) (dismissing complaint as frivolous under § 1915A(b) where plaintiff alleged that defendants fabricated a federal statute in order to imprison him).[5]

Additionally, to the extent that Smith alleges that Penman or McNeal violated his constitutional rights by verbally harassing or threatening him, he fails to state a claim upon which relief can be granted. Allegations of verbal harassment and threats are insufficient to state a civil rights claim under § 1983. Ivey v. Wilson, 832 F.2d 950, 954-55 (6th Cir. 1987); see also Wingo v. Tenn. Dep't of Corr., 499 F. App'x 453, 455 (6th Cir. 2012)

---

[5]The Court notes that Smith previously filed a federal habeas petition challenging his 2008 state criminal convictions and was denied relief. See Smith v. Bauman, No. 5:10-CV-11052, 2016 WL 898541 (E.D. Mich. March 9, 2016), cert. app. den., No. 16-1545, 2017 WL 5135543 (6th Cir. Jan. 31, 2017).

("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); Montgomery v. Harper, No. 5:14-CV-P38-R, 2014 WL 4104163, *2 (W.D. Ky. Aug. 19, 2014) ("[H]arassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation."). Even verbal threats of assault do not violate constitutional rights, Miller v. Wertanen, 109 F. App'x 64, 65 (6th Cir. 2004), nor do verbal threats and abuse made in retaliation. Carney v. Craven, 40 F. App'x 48, 50 (6th Cir. 2002). Smith's allegations of verbal harassment thus fail to state a claim for relief under § 1983. Any such claims must be dismissed.

Lastly, to the extent that Smith alleges that Penman or McNeal defamed him, he fails to state a claim upon which relief may be granted under § 1983. Defamation and similar claims are matters of state law and do not involve the violation of rights secured by the federal Constitution or the laws of the United States. See Siegert v. Gilley, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."); Paul v. Davis, 424 U.S. 693, 712-13 (1976) (defamation claim not cognizable under § 1983); Azar v.

Conley, 456 F.2d 1382, 1389 (6th Cir. 1972) ("Civil Rights Act does not give rise to a cause of action for slander"); Collier v. Austin Peay State Univ., 616 F. Supp. 2d 760, 775 (M.D. Tenn. 2009) (claims for libel and slander are not cognizable under § 1983); see also Harper v. (Unknown) Arkesteyn, No. 19-1928, 2020 WL 4877518, *2 (6th Cir. April 28, 2020) ("§ 1983 does not provide redress solely for state law violations such as defamation"). Allegations of defamation, while perhaps actionable under Michigan law, do not provide a basis for relief under § 1983. Consequently, any such claims shall be dismissed without prejudice to any state law claims brought in state court. The Court declines to exercise pendant jurisdiction over such claims.

## V.  CONCLUSION

For the reasons stated, the Court concludes that: (1) the claims against JPay, Scanlon, and Brown concerning the handling of Smith's prison mail are misjoined and (2) Smith fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 against Penman and McNeal concerning the remaining allegations in his complaint. Accordingly, the Court **DISMISSES** the civil rights complaint.

Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

Dated: February 18, 2021

                                            s/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 18, 2021, by electronic and/or ordinary mail and also on Derrick Lee Smith #267009, Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI 49442.

s/Brianna Sauve
Deputy Clerk

---